**Kamaljeet SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–73457.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

details of alleged police beatings and detentions and his involvement with the All India Sikh Student Federation. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151–52 (9th Cir.1999). Our review of the record does not compel a contrary conclusion. *See id.* at 1153.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, David V. Bernal, Attorney, Russell J.E. Verby, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

 Because Singh failed to show that he was eligible for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Singh's claim under the CAT are based on the same testimonial and documentary evidence that the BIA determined to be not credible in connection with Singh's asylum claim, the BIA also properly denied Singh protection under the CAT. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

### MEMORANDUM **

Kamaljeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a finding of adverse credibility, *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition.

▪ Substantial evidence supports the BIA's adverse credibility determination, because the BIA cited material inconsistencies in Singh's testimony and between his testimony and application that go to the heart of his asylum claim, including the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.